R. M. PATTERSON, TRADING AS PATTERSON & DeVERBRE, v. L. BLOM-
BERG AND ASHEVILLE SALVAGE COMPANY, INC.

(Filed 2 January, 1929.)

**1. Usury — Construction of Contracts and Transactions in Regard to Usury.**

A loan secured by a broker is not tainted with usury as between the broker and the proposed borrower by reason of the fact alone that the broker procured the loan from a bank upon consideration that the bank receive a part of the commissions when the bank charged the borrower only the lawful rate of interest.

**2. Brokers—Actions for Commissions.**

Where the only question in an action to recover a broker's commission is a denial of any contract made between the parties, without allegations that the alleged contract was not performed by plaintiff in accordance with its terms, or that the plaintiff was entitled to recover only his costs incurred in procuring the loan, the defendant may not complain that there was error in the trial court's not submitting to the jury these contentions.

APPEAL by defendants from *Moore, J.,* at May Term, 1928, of BUNCOMBE. No error.

Action to recover commissions due plaintiff as a broker, for procuring a loan of money for defendants, pursuant to the terms of an express contract.

The issue submitted to the jury was answered as follows: "In what amount, if any, are defendants indebted to plaintiff? Answer: $2,250."

From the judgment on the verdict, defendants appealed to the Supreme Court.

*A. Hall Johnson and W. A. Sullivan for plaintiff.*
*Weaver & Patla and R. R. Williams for defendants.*

CONNOR, J. This is an action upon a special contract, as alleged in the complaint. It is alleged that plaintiff fully performed said contract, and that defendants have failed and refused to pay to plaintiff the commissions due in accordance with its terms. Defendants deny the contract, but admit that they refused to accept the money and to close the loan by the execution of the notes and deed of trust required by the lender of the money.

Evidence on behalf of plaintiff tended to show that on or about 14 February, 1927, plaintiff, at the request of defendant, L. Blomberg, acting for himself and for his codefendant, as a broker, undertook to procure for defendants a loan for $45,000, on five years time; and that defendants agreed to pay to plaintiff for his services in procuring said

28—196

loan five per cent of the amount of the loan. This contract was not in writing; it superseded previous contracts between the parties, which were in writing. By these contracts, plaintiff had undertaken to procure loans for larger sums than $45,000, but had been unable to do so, upon the security offered by defendants. After failure to procure loans for the larger sums, plaintiff undertook to procure a loan for $45,000, pursuant to the contract alleged in the complaint.

There was evidence tending to show that plaintiff procured the loan for $45,000, and notified defendants that he was ready to close the loan upon the execution of the notes and deed of trust required by the lender of the money. Defendants declined and refused to execute the notes and deed of trust, or to accept the money procured for them by plaintiff. They made no objection to the form of the papers, or to the terms upon which the loan was to be made. They denied that they had requested plaintiff to procure the loan for them. There was evidence tending to show that subsequent to 14 February, 1927, defendants procured a loan from another source for a larger sum than $45,000.

There was evidence on behalf of defendants in contradiction of the evidence for the plaintiff tending to show the contract as alleged by plaintiff. All the evidence was submitted to the jury under instructions of the court which are free from error. Defendants' assignments of error based upon exceptions to the refusal of their motion for judgment as of nonsuit, and to instructions in the charge to the jury are not sustained. We find no error in the refusal of the court to give the instructions requested by defendants.

The agreement by the plaintiff to divide the commissions to be received by him with the bank, from which plaintiff procured the loan, did not render the transaction between plaintiff and defendants usurious and therefore void. The bank did not charge or reserve for the use of the money interest at a greater rate than six per centum per annum. If defendants had closed the loan, and accepted the money procured for them by plaintiff, as they had agreed to do, they would not have been required to pay more than legal interest on the loan.

Defendants' contention that the evidence on behalf of the plaintiff failed to show a contract, for that all the terms upon which the loan was to be made were not included in the agreement, cannot be sustained. Their defense in this action is based solely on their denial of the contract as alleged in the complaint. They do not complain of the terms upon which the loan was procured by plaintiff. Nor do they allege that plaintiff was entitled, under the contract, to recover only expenses incurred in the effort to procure the loan.

The issue has been found against defendants by the jury. We find no error and the judgment must be affirmed.

No error.